# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| DAWN PERREAULT,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL SYSTEMS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:20-cv-00110-DBP<br><br><br>**Magistrate Judge Dustin B. Pead** |

This matter was originally filed in the Southern District of West Virginia and is related to a number of other cases that are part of multidistrict litigation ("MDL") 2325. (ECF No. 36.) Following consolidated discovery, a group of 39 cases were transferred to the appropriate jurisdiction. The court received this case on February 20, 2020, and it was randomly assigned to the undersigned awaiting consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. After the transfer, counsel for Plaintiffs Jason M. Murphy, who is not admitted to practice in this court, filed the motion before the court, in which he requests that this court waive the requirement to associate with local counsel for him to be admitted *pro hac vice* in this case. (ECF No. 44.)

At the outset, the court notes that DUCivR 83-1.1(d), which previously governed *pro hac vice* admission in this court, was suspended by this court's General Order 20-003 to account for

the implementation of NextGen CM/ECF.[1]  However, consistent with DUCivR 83-1.1(d)(2)(B), General Order 20-003 provides that, unless the court orders otherwise, a *pro hac vice* applicant must associate with an active, local member of this court's bar who consents to appear in the case.

In support of his motion, Plaintiffs' counsel relies exclusively upon Rule 2.1(c) of the Rules and Procedures of the United States Panel on Multidistrict Litigation, which provides:

> Every member in good standing of the Bar of any district court of the United States is entitled to practice before the Panel, provided, however, that he or she has established and maintains a CM/ECF account with any United States federal court.  Any attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred.  Parties are not required to obtain local counsel.

Based upon the language of that rule, Plaintiff's counsel contends that he should not be required to associate with local counsel to be admitted *pro hac vice* in this case.

For the following reasons, the court will not eliminate the requirement for Plaintiff's counsel to associate with local counsel.  First, Plaintiff's counsel has failed to provide any authority for the proposition that Rule 2.1(c) has any applicability to this court.  While the MDL clearly has the authority to regulate the practice of attorneys who appear before the MDL, the court is not persuaded that Rule 2.1(c) supplants this court's ability to regulate the practice of attorneys who appear in this court.

---

[1] General Order 20-003 can be found online at:
https://www.utd.uscourts.gov/sites/utd/files/General%20Order%2020-003.pdf.

Second, as several courts have noted, the requirement of local counsel serves the following three important purposes:

> First, members of our Bar are familiar with the rules and customs of this Court and are expected to both educate *pro hac vice* attorneys on, and enforce, those rules and customs. Second, members of the Bar of this Court are more readily available than *pro hac vice* attorneys for conferences or other matters which arise in the course of litigation. Third, the Court looks to members of its Bar to serve as liaison between it and *pro hac vice* attorneys and to ensure effective communication between the Court and *pro hac vice* attorneys.

*Ingemi v. Pelino & Lentz*, 866 F. Supp. 156, 162 (D.N.J. 1994); *see also Barlow v. United States*, No. 3:10-CV-02770, 2010 WL 2925891, at *2 (D.N.J. July 21, 2010) (same); *Crawford v. Hendricks*, No. CIV.A. 01-4531JAG, 2009 WL 1209262, at *2 (D.N.J. May 4, 2009) (same); *Daien v. Ysursa*, No. CV 09-22-S-REB, 2009 WL 10711879, at *2 (D. Idaho Feb. 9, 2009) (same). The court agrees with the importance of these stated purposes, which Plaintiff's counsel has failed to address in his motion.

Third, the court takes note of a case that was transferred to this court from MDL proceedings unrelated to the instant case. *See Hight v. C.R. Bard*, 2:19-cv-00820-HCN-PMW. In that case, which has a procedural posture similar to the instant case, an attorney from Plaintiff's counsel's law firm, acting as associated local counsel, filed a motion for *pro hac vice* admission of another attorney, which was granted by the court. Thus, it appears that at least one member of Plaintiff's counsel's law firm is well aware of, and has adhered to, the requirement that a *pro hac vice* applicant associate with local counsel.

For those reasons, Plaintiff's counsel's motion for relief from the requirement that he associate with local counsel in order to be admitted *pro hac vice* in this case (ECF No. 44) is DENIED.

IT IS SO ORDERED.

DATED this 27 March 2020.

_____
Dustin B. Pead
United States Magistrate Judge